UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Spears, Jr., | : | Case No. 5:06CV0124 |
| Petitioner | : | Judge Dan Aaron Polster |
| v. | : | Magistrate Judge David S. Perelman |
| Julius Wilson, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his February 18, 2004 conviction pursuant to a jury trial of one count of rape, upon which he is serving a sentence of five years incarceration, with an additional five years of post-release supervision, and an adjudication of having been a sexually oriented offender.

After having been sentenced on May 10, 2004, petitioner failed to appeal his conviction. His appeal would have been due on June 9, 2004.  Rule 4(A), Ohio Rules of Appellate Procedure.

Instead on June 27, 2005, more than a year after the date upon which his appeal would have been due,[1] petitioner, acting *pro se*, filed with the Ohio Ninth District Court of Appeals a motion for leave to file a delayed appeal.  The court denied that motion, and held that petitioner had been informed of his appeal rights and did not demonstrate good cause for his failure to file a timely

---

[1] Specifically, 383 days after June 9, 2004.

1

direct appeal.

Petitioner appealed to the Ohio Supreme Court the appellate court's denial of his motion for leave to file a delayed appeal, alleging the following propositions of law:

> **Proposition of Law No. I:**   Criminal Rule 32(B) compliance is mandatory at sentencing and specifically stated in the trial court's entry, in order for a defendant to be properly notified of the right to appeal, so that the defendant can enjoy the 14th Amendment guarantees of the right to counsel on the first appeal as of right.
>
> **Proposition of Law No. II:**   The Court of Appeals erred by denying leave to appeal for reasons of lack of sufficient reasons for untimely filing.
>
> **Proposition of Law No. III:**   The appellant was denied the effective assistance of counsel when there was failure to perfect a timely direct appeal.

On December 14, 2005 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

Petitioner filed the instant petition for writ of habeas corpus on January 13, 2006, advancing the following three claims for relief:

> **A.   GROUND ONE:** Denial of 6th and 14th USCA from trial court's failure to comply with Criminal Rule 32(B) right to appeal notification.
>
> **Supporting FACTS:** The [trial] court was silent on the matter of the right to appeal the conviction during and after sentencing.  The [trial] court furthermore did not appoint counsel for an appeal nor advise that counsel would be appointed if inability to pay for private counsel.  I was indigent at trial and counsel was appointed.  I was further indigent upon conviction and could not have the ability to pay for counsel on appeal even if the [trial] court had advised me of right to appeal.  I did not knowingly waive any right to appeal.

    **B.  GROUND TWO:** The Court of Appeals erred by denying leave to appeal for reasons of lack of sufficient reasons for untimely filing.  USCA 6, 14.

    **Supporting FACTS:** Facts were submitted that the trial court had not informed of any right to appeal and that also the trial court did not appoint counsel for an appeal.  The court of appeals erred in failing to ensure that the appellate rights were properly protected and that the state App.R. 5(A) does not set forth criteria for granting or denying motion [for delayed appeal].

    **C.  GROUND THREE:** Denial of effective assistance of counsel.  USCA 6, 14.

    **Supporting FACTS:** Trial counsel had failed to file a notice of appeal altogether.  After the guilty verdict counsel stated to the court that she wanted the case to be appealed.  Subsequent [to] entering prison, a letter was written to counsel in regards to the appeal, which counsel responded that an appeal as of right was not filed nor was counsel for an appeal appointed.  Counsel's failure deprived the effective assistance along with the assistance of counsel altogether and prejudiced [sic] was caused.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.  After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court.  That one year limitations period begins to run upon the expiration of the time for filing a petition for writ of certiorari for

direct review in the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case, in light of petitioner's failure to file a timely direct appeal his conviction became final when the time to file his direct appeal expired on June 9, 2004. Rule 4(A), Ohio Rules of Appellate Procedure. When petitioner did not file such an appeal, the one year limitations period within which his habeas petition was due to be filed began to run on the following day, Rule 6, Federal Rules of Civil Procedure, and continued to run until it expired 365 days later. Petitioner did not file his motion for leave to file a delayed appeal until 18 additional days had passed. By that point the expired limitations period could not be revived by the motion. It follows, therefore, that the instant petition was untimely filed.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. See Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001). Although petitioner argues that the trial court neglected to inform him at sentencing of his right to appeal, the sentencing judgment entry states otherwise:

> On May 7, 2004, a sentencing hearing was held pursuant to R.C. 2929.19. Defendant was present and represented by counsel.

4

> Defendant was given an opportunity to speak and present evidence, and afforded all his rights pursuant to Criminal Rule 32.  The Court has considered the record, oral statements, any victim impact statement, presentence investigation report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution.

Petitioner also argued unconvincingly to the state appellate court in his motion for leave to file a delayed appeal, as well as to the state supreme court, that he had not been properly informed of his appeal rights.

That being so, it is recommended that the instant petition be dismissed.

> s/DAVID S. PERELMAN
> United States Magistrate Judge

DATE:   November 27, 2006

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).